## HOFFMAN v. HOFFMAN.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

SPECIFIC PERFORMANCE—WAIVER OF RIGHTS—COMPLAINT—DEMURRER.

Where plaintiff entered into a contract to sell his interest in property to his co-tenant for an agreed price, a part of which was paid at the execution of the contract, a clause in the contract that, on failure to consummate the same, nothing contained therein should be construed as a waiver of the rights of the parties as they had theretofore existed, did not annul the contract, and a demurrer to a complaint for specific performance on that ground was properly overruled.

Appeal from special term, New York county.

Action by George J. Hoffman against John E. Hoffman. From a judgment overruling a demurrer to the complaint, defendant appealed. Affirmed.

Argued before PATTERSON, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Jerome Eisner, for appellant.

Henry A. Foster, for respondent.

PER CURIAM. The action was brought to enforce the specific performance of a contract. The demurrer interposed was based upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. It appears from the averments of the complaint that the parties were the owners of the property which is the subject of the contract, as tenants in common, and on the 20th day of August, 1898, they entered into an agreement, the subject of the action, by which the defendant agreed to purchase, and the plaintiff to convey, to the defendant, by quitclaim deed, his interest in the property for the sum of $4,000, $250 of which was paid at the time of execution of the contract. The basis for the demurrer is found in the sixth clause of the agreement, which, in substance, provides that, in case of the failure to consummate the same, nothing contained therein should be construed as a waiver of the rights and interests of the respective parties, as they had theretofore existed before the execution of the agreement. The claim of the defendant is that, by virtue of this provision, the contract had no binding force or effect upon either of the parties thereto at any time since its execution; that its operative effect was to immediately restore the parties to their former condition. Such, evidently, is not the construction of this clause. It had reference to a failure to fulfill the same, based upon matters entirely extrinsic to the obligations created by the contract itself. It had no reference to, and was not intended to make provision for, a breach of the contract by one of the parties to it, or to authorize such breach; otherwise, the contract was a mere idle form. When it was made the parties evidently intended to fulfill it, and it was then in part executed. It would be quite absurd to say that the parties intended by this clause to merely provide a form of contract that in no respect changed their rights or liabilities. The construction of the contract gives full force and effect to all of its terms, by holding that the clause in question was not intended to author-

ize a breach of its terms and conditions by either party, but that it intended that, if anything intervened to prevent the fulfillment of the contract on account of matters not involving a breach of duty by either party thereto, then the contract should not operate to change the respective rights and interests of the parties in and to the property as the same existed prior to the execution of the contract. This gives full force to all of the provisions contained in it, and as such enforces liability which was intended to be incurred by its execution.

It follows that the judgment appealed from is right, and that it should be affirmed, with costs.